**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| JASON BELCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:26-cv-00491-RK |
| | ) |
| KCG PROPERTIES, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff Jason Belcher's pro se motion for leave to proceed *in forma pauperis* and Financial Affidavit. (Docs. 1, 4.) In the proposed complaint for emergency civil rights relief, Plaintiff asserts four claims under 42 U.S.C. § 1983 (Counts 1-4) and a claim for declaratory and injunctive relief (Count 5), all of which seek declaratory and injunctive relief against Defendants for violations of his First and Fourteenth Amendment rights. (*See generally* Doc. 1-1.) Plaintiff also filed an emergency motion for temporary restraining order, (Doc. 2), and a motion to waive the Rule 65 security or bond, (Doc. 3).

For the reasons set forth below, because the Court abstains from exercising its jurisdiction in this § 1983 declaratory/injunctive-relief action under the *Younger* abstention doctrine, the Court **ORDERS** that the motion for leave to proceed *in forma pauperis* is **DENIED**, the motions for temporary restraining order and waiver of the Rule 65 security are **DENIED as moot**, and this case is **DISMISSED without prejudice**.

### Discussion

Plaintiff's claims arise from a state court case concerning a landlord/tenant dispute for rent and possession, in which Mr. Belcher is the defendant tenant and KGC Properties, LLC, is the plaintiff landlord.[1] On May 29, 2026, that case resulted in a judgment against Mr. Belcher and an award of restitution of the property and $14,850.00 in unpaid rent and late fees to KGC Properties. In his proposed complaint, Plaintiff seeks emergency relief to prevent eviction pursuant to the state proceeding. He alleges that he was denied procedural due process in the state case because the judgment was entered "after the state court found Mr. Belcher was not personally served," and that

---

[1] *KCG Props., LLC v. Belcher*, No. 2616-CV08342 (Cir. Ct. Jackson Cnty., Mo.).

"the case was fast-tracked to trial before threshold issues were resolved." (Doc. 1-1 at ¶¶ 168, 170.) He also alleges that he was denied access to the courts, that Defendants retaliated against him for protected complaints and records requests, and that Defendants were engaged in a conspiracy to deprive him of civil rights. (*Id.* at 11-13.) Plaintiff contends that the conduct in the state case thus violated his constitutional rights under the First and Fourteenth Amendments of the U.S. Constitution. He seeks declaratory and injunctive relief, including an order stopping KCG Properties from evicting Plaintiff, staying enforcement of the state eviction judgment, and ordering Defendants to preserve records. (*Id.* at 13-14.) Plaintiff does not seek damages in his proposed complaint.

Title 42 U.S.C. § 1983 authorizes a civil action for the violation of a person's constitutional rights under color of state law. While federal courts generally have jurisdiction in a case asserting federal constitutional claims brought under § 1983, a court's exercise of its jurisdiction is subject to several exceptions. One such exception is called the *Younger* abstention doctrine. Under this doctrine, "federal courts should abstain from exercising their jurisdiction if (1) there is an ongoing state proceeding, (2) that implicates important state interests, and (3) that provides an adequate opportunity to raise any relevant federal questions." *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012) (citation omitted). Underlying *Younger* abstention is a recognition that "principles of comity and federalism preclude federal actions seeking injunctive or declaratory relief" when the factors above are present in a given case. *Id.* (citing *Younger v. Harris*, 401 U.S. 37, 41 & n.2 (1971)).

In this case, the three elements of *Younger* abstention are present. Plaintiff's state eviction proceeding is ongoing for purposes of *Younger*. On June 5, 2026, Plaintiff filed an application for trial de novo in the state case, which has not yet been resolved.[2] Thus, the state case is ongoing.[3]

Second, "disputes concerning eviction and landlord-tenant proceedings implicate important state interests." *Ortiz v. Valasek*, No. 8:24-cv-00170, 2024 WL 5170338, at *4 (D. Neb.

---

[2] *See KCG Properties, LLC v. Belcher*, No. 2616-CV08342-01 (Cir. Ct. Jackson Cnty., Mo.).

[3] Even if Plaintiff were not actively seeking review of the state court's judgment in state court, the Eighth Circuit has recognized that both the Court of Appeals itself and the U.S. Supreme Court have "consistently" applied an available-state-appellate-remedies exhaustion requirement for purposes of *Younger* abstention. *Alleghany Corp. v. McCartney*, 896 F.2d 1138, 1144 (8th Cir. 1990) (discussing *Huffman, v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) and *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 369 n.4 (1989)). Specifically, the Eighth Circuit noted that "a party cannot avoid *Younger* by choosing not to pursue available state appellate remedies." *Id.*

Dec. 19, 2024); *see also Boyer v. Scott Bros. Inv. Corp.*, No. 4:11-cv-01173 HEA, 2011 WL 3847412, *6 (E.D. Mo. Aug. 27, 2011) (abstaining under *Younger* where Boyer challenged her eviction and finding that "[e]viction is a relatively complex procedure extensively regulated by state law, which dictates stringent notice requirements and the nature of the eviction proceedings themselves"); *Newell v. Rolling Hills Apartments*, 134 F. Supp. 2d 1026, 1036 (N.D. Iowa 2001) ("[W]here the state has so extensively regulated the relationship between private parties, as it has in landlord-tenant law, the state has the further interest in determining, in the first instance, what defenses may appropriately be raised to a forcible entry and detainer action.").

And finally, third, there is no indication that Plaintiff will be unable to raise any constitutional concerns through the state courts as this landlord-tenant matter proceeds. *See Haugen v. Missouri*, No. 17-00794-CV-W-ODS, 2017 WL 4819110, at *2 (W.D. Mo. Oct. 25, 2017) (finding that *Younger* abstention doctrine applied, in part, to the extent "an adequate opportunity exists for Plaintiff to raise these [constitutional] issues in the state court proceeding"). Because the *Younger* abstention doctrine applies here, the Court declines to grant the relief requested by Plaintiff.[4]

[remainder of page intentionally left blank]

---

[4] Plaintiff brings claims against private-actor defendants including KCG Properties, Kevin Gard, Lindsey Gard, and Kelsye Martina Thomas-Jennings. Generally, "§ 1983 can only be used to remedy deprivation of rights done under color of state law," and private actors can only be liable under § 1983 in limited circumstances "for conspiring with state officials to violate a private citizen's right[s]." *White v. McKinley*, 519 F.3d 806, 816 (8th Cir. 2008). Plaintiff also asserts claims against Judge Jeffrey Graig Keal and Judge Susan Long for their judicial conduct in the state case. "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). Accordingly, even if the Court did not abstain its jurisdiction as it does herein, Plaintiff's proposed complaint would likely be dismissed pursuant to the Court's *in forma pauperis* screening under 28 U.S.C. § 1915(a)(1).

3

**Conclusion**

Accordingly, applying the *Younger* abstention doctrine, the Court **ORDERS** that: (1) the motion for leave to proceed *in forma pauperis*, (Doc. 1), is **DENIED**, (2) the motions for temporary restraining order and waiver of the Rule 65 security, (Docs. 2, 3), are **DENIED as moot**, and (3) this case is **DISMISSED without prejudice**.[5]

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: June 12, 2026

---

[5] Plaintiff also filed a "Notice of Clarification," which was docketed as a motion. (Doc. 5.) It does not appear that this notice requests any particular relief. In light of the foregoing, the Notice of Clarification is also **DENIED as moot**.

4